

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| ROSELYN WISE,             §<br>                    Plaintiff,        §<br>                                        §<br>vs.                                  §<br>                                        §<br>COLUMBIA HOUSING AUTHORITY,   §<br>CYNTHIA GORE, LATOYA NIX, and §<br>BOBBY BROWN,               §<br>                    Defendants.     § | CIVIL ACTION NO. 3:24-4066-MGL-PJG |

---

**ORDER ADOPTING THE AMENDED REPORT AND RECOMMENDATION,
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' AMENDED PARTIAL MOTION TO DISMISS,
AND DISMISSING WITH PREJUDICE ONE OF PLAINTIFF'S CLAIMS**

Plaintiff Roselyn Wise (Wise) filed this job discrimination action against Defendants Columbia Housing Authority, Cynthia Gore (Gore), Latoya Nix (Nix), and Bobby Brown (Brown) (collectively, Defendants). She brings claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e, et seq., the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq.; and the Occupational Health and Safety Act (OSHA), 29 U.S.C. §§ 651-678 against Defendant Columbia Housing Authority, and claims of civil conspiracy against Gore, Nix, and Brown. Wise is representing herself.

The matter is before the Court for review of the Amended Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendants' amended partial motion to dismiss be granted in part and denied in part. Specifically, she recommends Defendants' motion be granted as to Wise's OSHA claim, but it be denied as to her Title VII claim. The Report

was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 29, 2025, and Wise filed her objections on June 12, 2025. Defendants failed to file any objections. Thus, the Court will deny their motion to dismiss Wise's Title VII claim, without objection.

The Court has carefully reviewed Wise's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

The Magistrate Judge suggests Wise's OSHA claim be dismissed on the basis "there is no private right of action for OSHA violations." Report at 4. And, Wise agrees, stating in her objections "OSHA does not create a private right of action[.] Objections at 3. Nevertheless, she argues, "courts have recognized that safety complaints and the failure to take corrective measures are admissible under the Federal Rules of Evidence to demonstrate knowledge, motive, and retaliation." *Id*. She requests the Court admit this evidence.

The Court will save for another day the decision on whether to admit such evidence in this case. The only question before the Court here is whether the Court should grant Defendants' motion to dismiss Wise's OSHA claim. Inasmuch as "[OSHA] does not create a private right of action," *Elliott v. S.D. Warren Co.*, 134 F.3d 1, 4 (1st Cir. 1998), the answer is easy: the Court will grant Defendants' motion to dismiss this claim. Accordingly, the Court will overrule Wise's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Wise's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' amended partial motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  Specifically, Defendants' motion as to Wise's OSHA claim is **GRANTED**, but **DENIED** as to her Title VII claim.  Accordingly Wise's OSHA claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 17th day of June, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Wise is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.