**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

RCV'D - USDC COLA SC
JUN 26 '26 PM3:59

| | |
|---|---|
| Roselyn Wise,<br><br>Plaintiff,<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall<br><br>Defendants. | **C/A No. 3:24-cv-04066-MGL-PJG**<br><br>**PLAINTIFF'S RENEWED MOTION TO COMPEL ADMINISTRATIVE DISCOVERY FROM ALL DEFENDANTS** |

Plaintiff Roselyn Wise, proceeding pro se, respectfully renews her Motion to Compel against Defendant Columbia Housing Authority ("CHA") and Defendants Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall (the "Individual Defendants"), pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 7.04 (D.S.C.). This Motion renews and cures the deficiencies identified in the Court's June 18, 2026 Order denying Plaintiff's original Motion to Compel [ECF No. 202] without prejudice for noncompliance with Local Civil Rules 5.01 and 7.04 (D.S.C.). Consistent with the original Motion it renews, this Motion is limited to the record as it existed through May 29, 2026 the date Plaintiff's original Motion was filed and the deadline set in Plaintiff's first good faith conferral letter, at which point no Defendant had produced any discovery whatsoever. Developments occurring after May 29, 2026, including discovery subsequently received and a second conferral letter, are addressed in a separate motion filed concurrently and are not at issue here. In support thereof, and pursuant to Local Civil Rules 5.01

and 7.04 (D.S.C.), Plaintiff files herewith as exhibits the relevant portions of the discovery material at issue, and states as follows:

## I. BACKGROUND

On February 5, 2026, this Court entered the Fifth Amended Scheduling Order (ECF No. 181), which set May 4, 2026 as the deadline for completion of all discovery, including administrative discovery, and expressly provided that "[n]o extension of this deadline will be permitted without leave of court." (ECF No. 181 at 1.)

On April 3, 2026, Plaintiff timely served her First Set of Interrogatories (25 interrogatories) and First Set of Requests for Production (31 requests) on Defendant CHA, and a separate, individually tailored First Set of Interrogatories (4 interrogatories) and First Set of Requests for Production (3 requests) on each Individual Defendant. (Exhibit A, Plaintiff's First Set of Interrogatories and Requests for Production Directed to CHA and to the Individual Defendants.) CHA's requests sought, among other things: CHA's leave and FMLA policies and Plaintiff's leave history (Interrogatory Nos. 4–8; Request for Production Nos. 6, 7, 23); records concerning positions Plaintiff applied for, interviewed for, or was considered for, including the specific positions identified in Interrogatory No. 9(a)–(e), and the associated application, interview, and decision-making records (Interrogatory Nos. 9–12; Request for Production Nos. 19, 20, 27); compensation and raise records (Interrogatory Nos. 14–19; Request for Production No. 10); and disciplinary records and comparator information (Interrogatory Nos. 20–22; Request for Production No. 26). The Individual Defendants' requests sought identification of, and documents reflecting, each Individual Defendant's personal communications concerning Plaintiff's employment, leave, accommodations, compensation, and position at CHA (Interrogatory No. 4;

Request for Production Nos. 2–3 to each Individual Defendant). Responses to all of these requests were due no later than May 4, 2026.

No Defendant, not CHA and not any Individual Defendant produced any discovery by May 4, 2026. No Defendant sought leave of court for an extension, and no Defendant communicated any basis for noncompliance.

On May 22, 2026, Plaintiff mailed a good faith conferral letter to defense counsel via United States Certified Mail, pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.02 (D.S.C.), demanding production of all outstanding discovery from CHA and each Individual Defendant to be received no later than May 29, 2026. (Exhibit B, May 22, 2026 Conferral Letter.) USPS tracking confirms that letter was delivered to defense counsel's P.O. Box on May 27, 2026 at 8:09 a.m. (Exhibit B.)

On May 29, 2026, having received no discovery from any Defendant, Plaintiff filed her original Motion to Compel. [ECF No. 202.] As of that date, no Defendant had produced any answer, response, objection, or document of any kind in response to Plaintiff's April 3, 2026 discovery requests.

On June 18, 2026, the Court entered a text order denying that Motion without prejudice for failure to comply with Local Civil Rules 5.01 and 7.04 (D.S.C.), with leave to re-file within fourteen days. This renewed Motion is timely filed within that period and attaches the relevant discovery material as required by those rules, limited to the record as it existed at the time the original Motion was filed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party to move to compel an answer to an interrogatory served under Rule 33 or production of documents requested under Rule 34 when the responding party fails to answer or fails to produce. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). A motion to compel must include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." Fed. R. Civ. P. 37(a)(1).

Local Civil Rule 7.04 (D.S.C.) requires that a motion to compel set forth the grounds for the motion, including the relevant dates of service and facts demonstrating noncompliance, and requires that the relevant portions of the discovery material be filed with the motion. Local Civil Rule 5.01 (D.S.C.) likewise requires that a copy of the relevant portion of the discovery material be filed contemporaneously with any motion seeking relief with respect to that material.

When a party fails to comply with a court-ordered discovery deadline without seeking an extension or providing justification, the court may compel production and award sanctions. Fed. R. Civ. P. 37(a)(5)(A), 37(b)(2)(A), 37(d)(1)(A).

## III. ARGUMENT

### A. All Defendants Failed to Meet the Court-Ordered May 4, 2026 Discovery Deadline

The Fifth Amended Scheduling Order unambiguously required all discovery to be completed by May 4, 2026, with no extensions permitted without leave of court. (ECF No. 181.) Neither CHA nor any Individual Defendant produced any discovery by that deadline, notwithstanding that each had been properly served with discovery requests on April 3, 2026 more than a month

earlier. (Exhibit A.) None sought leave of court for an extension, and none communicated any basis for noncompliance.

**B. All Defendants Also Failed to Meet the Extended May 29, 2026 Deadline**

When the court-ordered deadline passed without any production, Plaintiff extended Defendants a further opportunity to comply, demanding production no later than May 29, 2026. (Exhibit B.) That deadline also passed without any Defendant producing a single answer or document. As of May 29, 2026, CHA had not responded to any of the 25 interrogatories or 31 requests for production served upon it, and none of the Individual Defendants had responded to the interrogatories or requests for production served upon them. This unexplained noncompliance, by every Defendant in this case, with two consecutive deadlines, one court-ordered, and one extended in good faith by Plaintiff warrants relief.

**C. Plaintiff Satisfied the Good Faith Conferral Requirement**

Plaintiff mailed a good faith conferral letter on May 22, 2026, specifically identifying the outstanding discovery, the May 4, 2026 deadline, and demanding production by May 29, 2026. (Exhibit B.) Plaintiff thereby satisfied the meet and confer requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.02 (D.S.C.) before filing her original Motion to Compel.

**D. Sanctions Are Warranted**

Federal Rule of Civil Procedure 37(d)(1)(A) authorizes sanctions when a party fails to serve answers or responses to discovery requests. Rule 37(b)(2)(A) further authorizes sanctions for failure to comply with a court order. Every Defendant's unexplained failure to produce any discovery by either the May 4, 2026 court-ordered deadline or the May 29, 2026 extended

deadline warrants an order compelling immediate and complete production, an award of Plaintiff's reasonable costs incurred in bringing this Motion, and such further relief as the Court deems appropriate. Fed. R. Civ. P. 37(a)(5)(A).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

1. Compelling Defendant CHA to serve complete, verified answers to all 25 interrogatories and to produce all documents responsive to all 31 requests for production served April 3, 2026, within seven (7) days of the Court's order;

2. Compelling Defendants Gore, Nix, Brown, and Hall to serve complete, verified answers to Interrogatory No. 4 and to produce all documents responsive to Request for Production Nos. 2–3 served April 3, 2026, within seven (7) days of the Court's order;

3. Awarding Plaintiff the reasonable costs and fees incurred in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A); and

4. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209

June 25, 2026
Columbia, South Carolina

**CERTIFICATE OF SERVICE**

I, Roselyn Wise, hereby certify that on June 26, 2026, I served the foregoing Renewed Motion to Compel, together with Exhibits A and B, upon the following counsel of record by United States Certified Mail, postage prepaid, and/or electronic mail:

Boykin & Davis, LLC

Charles J. Boykin, Esq.

Kenneth A. Davis, Esq.

Tierney F. Goodwyn, Esq.

Timothy J. Boykin, Esq.

P.O. Box 11844

Columbia, SC 29211

Roselyn Wise

Roselyn Wise

Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209

RCV'D - USDC COLA SC
JUN 26 '26 PM3:59