# EXHIBIT A

Plaintiff's First Set of Interrogatories and
Requests for Production Directed to
Defendant CHA and the Individual Defendants
(served April 3, 2026)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br>**PLAINTIFF'S FIRST SET OF INTEROGATORIES DIRECTED TO COLUMBIA HOUSING AUTHORITY** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY served the following written interrogatories to be answered separately and in writing within thirty (30) days from the date of service hereof, pursuant to and in accordance with Rule 26 and 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets, databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Identify" when used with respect to a document means to state (a) the type of document (e.g., email, letter, memorandum, note, video, voicemail); (b) the title or subject matter of the document, (c) the author or creator of the document, (d) the date the document was created, (e) the date the document was transmitted, if transmitted, (f) the sender(s) and recipient(s) of the document, if transmitted, (g) the current custodian or location of the document, (h) any Bates number(s) or other identifying number, if produced. To the extent the information requested is not known in full, "identify" means to also provide all information known or available that would assist in identifying or locating the person, document, communication, or thing.

4. "Identify" when used with respect to a communication means to state (a) the parties to the communication, (b) the date of the communication, (c) the type of communication (e.g., discussion, email, text, telephone call), and (d) nature and substance of the communication.

5. "Identify" when used with respect to a meeting, means to state (a) the date, time, and location of the meeting; (b) the method by which the meeting occurred (including in-person, telephone, video, or otherwise); (c) all persons who attended, participated in, were invited to, or had knowledge of the meeting; (d) the subject matter discussed; and (e) to identify all documents or communications that memorialize, refer to, or relate to the meeting.

6. "Identify" when used with respect to a position (as defined below) means to state (a) the title of the position, (b) a description of the duties and responsibilities of the position, (c) the rate of pay or compensation structure for the position, including any fringe benefits such as health insurance, retirement plans, paid leave, and perks, (d) any requirements the position (e.g., required education, experience, or certifications), (e) conditions or terms of employment for the position, and (f) the reporting structure of the position.

7. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

8. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

9. "Policies" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

10. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

11. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

12. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack,

Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

13. "State the basis" when used with respect to a decision, disposition, or outcome means to state (a) all material facts supporting the decision, disposition, or outcome, and (b) all reasons or rationales for the decision, disposition, or outcome.

14. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

15. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

16. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

17. "CHA" means Defendant Columbia Housing Authority.

**INTERROGATORIES**

1. State the name and, if known, the address, telephone number, email address, and social media accounts of each person likely to have discoverable information that CHA may use to support its claims or defenses.

2. For each person listed in the response to Interrogatory #1, set forth a summary of that person's knowledge or discoverable information sufficient to inform Plaintiff of the important facts known to each person and discoverable documents in their possession.
3. Identify all documents that Columbia Housing Authority has in its possession, custody, or control and may use to support its claims or defenses.
4. State all Columbia Housing Authority policies regarding leave and/or reasonable accommodations under the Americans with Disability Act that applied to any employee of CHA, including Ms. Wise, from 2021-2025, as well as any changes or variations in those policies during this time.
5. List each and every request for leave by Ms. Wise from 2021 to 2025, whether oral, written, or by some other method. For each request state the (a) date of such request, (b) the method of such request (e.g., via telephone, email, text, in-person conversation, etc.) (c) to whom the request was made, (d) the type of leave requested, (e) the amount and date(s) of requested leave, and (f) and Ms. Wise's stated basis or reason(s) for the request.
6. For each instance listed in response to Interrogatory #5 above, state whether the request was granted or denied, state the basis for the grant or denial, and what information was conveyed to Ms. Wise regarding the grant or denial.
7. For each instance listed in response to Interrogatory #5 above, list all individuals who had any direct or indirect contribution to the final disposition of Ms. Wise's requests for leave and the contributions the individual made in each instance.
8. Between 2021-2025, identify all communications between or among any Columbia Housing Authority employees related to Ms. Wise's FMLA leave request.

9. Identify each and every position that Ms. Wise applied for, requested, or was considered for at Columbia Housing Authority (whether a promotion, lateral transfer, or otherwise), between 2021-2025, including but not limited to:
   a. "Community Manager" or similar position interviewed for on or around August 1, 2021;
   b. "Property Specialist Job" or similar position interviewed for on or around December 1, 2022;
   c. "Sr. Vice President of Housing Vouchers" or similar position applied for on or around April 25, 2024;
   d. "Sr. Property Specialist" or similar position applied for on or around June 4, 2024;
   e. "Hammon Village SCHAII Property Management Position" or similar position interviewed for on or around March 26, 2025;
   f. Any other instance not described in subparts a – e.
10. For each position identified in response to Interrogatory #9 above, describe the process for determining how the position would be filled or for determining whether Ms. Wise would be allowed to transfer to that position. Include how the position was posted or advertised, who was eligible to apply to the position (e.g., were the positions limited to internal candidates), and CHA's procedure for assessing the quality of the candidates for the position.
11. For each position identified in response to Interrogatory #9, describe the final decision, outcome, or disposition regarding the position (e.g., whether the position was filled, who

filled the position (if filled), whether Ms. Wise was allowed to transfer to the position) and state the basis for that final decision, outcome, or disposition.

12. For each position identified in response to Interrogatory #9 above, list all Columbia Housing Authority employees who had any direct or indirect influence or contribution to the outcome or final disposition regarding the position and describe the nature and substance of the individual's influence or contribution to the outcome or final disposition.
13. Identify all positions held by Ms. Wise at CHA from 2021-2025.
14. State all Columbia Housing Authority policies related to raises in wages, salaries, or compensation of CHA employee for 2021-2025, as well as any changes or variations in those policies during this time.
15. Describe the process for determining the amount and timing of raises in wages, salaries, or compensation for employees at CHA (other than cost-of-living adjustments/raises provided to all employees) for 2021-2025. Include any eligibility requirements for raises, whether raises were considered at regular intervals or only upon request, who determined the amount and timing of raises, and the factors considered in determining the amount and timing of raises.
16. For each calendar year 2021, 2022, 2023, 2024, and 2025, state (a) the percentage of CHA employees that received raises in wages, salaries, or compensation (other than cost-of-living adjustments/raises provided to all employees) in that calendar year and (b) the average percentage increase in wages, salaries, or compensation received by those CHA employees who received raises in that calendar year.
17. From 2021-2025, list each and every instance in which Ms. Wise requested a raise or was considered for a raise (other than cost-of-living adjustment/raises provided to all

employees), whether formally or informally. Provide the date(s) that the raise was requested or considered and the amount of the raise requested or considered.

18. For each instance listed in response to Interrogatory #17 above, list the outcome or final disposition of Ms. Wise's consideration or request for a raise and state the basis for the outcome or final disposition.

19. For each instance listed as an answer to Interrogatory #17 above, list all individuals who had any direct or indirect contribution to the outcome or final disposition of Ms. Wise's requests or consideration for a raise and the nature and substance of that contribution.

20. If CHA contends that Ms. Wise committed any disciplinary infraction and/or violated an employee handbook, employee code of conduct, or any other Columbia Housing Authority policy while employed at the Columbia Housing Authority, for each such contention provide the following information:

    a. The date of the alleged conduct;
    b. The specific policy or rule allegedly violated;
    c. A description of the alleged conduct;
    d. Whether the alleged conduct was documented in any way;
    e. A list of all individuals involved in investigation or reporting of the alleged conduct;
    f. The disciplinary action taken by CHA, if any; and,
    g. A list all individuals who had any direct or indirect contribution to the outcome or final disposition of the investigation into Ms. Wise's alleged conduct.

21. For each alleged disciplinary infraction and/or policy violation listed in response to Interrogatory #20, identify all other instances where CHA employees were accused of or

found to have engaged in the same or substantially similar conduct between 2015 - 2025. For each such instance, include the following information:

a. the employee's job title and department;

b. the employee's race, gender, and disability status;

c. whether the employee had requested FMLA leave prior to the alleged infraction or policy violation;

d. a description of the alleged conduct;

e. the policy or rule allegedly violated;

f. the date of the alleged conduct;

g. a list all individuals who had any direct or indirect contribution to the outcome or final disposition of the investigation into the alleged conduct; and

h. the disciplinary action taken, if any.

22. Identify each and every alleged disciplinary infraction or CHA Policy violation by a CHA employee to which Ms. Wise was witness, but not the individual in violation, while employed at the Columbia Housing Authority between 2021-2025. For each infraction or violation, include the following information:

a. The date of the alleged conduct;

b. The specific policy or rule allegedly violated;

c. A description of the conduct at issue;

d. Whether the infraction was documented;

e. All individuals involved in investigating or reporting the conduct; and

f. The disciplinary action taken, if any taken.

23. For named Defendants Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hill, identify all positions held by these defendants at the Columbia Housing Authority and the dates that they held each position.
24. List any and all insurance agreements to which Columbia Housing Authority is a party under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, along with the coverage limits.
25. Identify any meetings between Ms. Wise and a CHA supervisor from 2021-2025.

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO COLUMBIA HOUSING AUTHORITY** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY REQUESTED to produce and permit Plaintiff, Roselyn Wise, to inspect and copy the following documents and/or things that are within your possession, custody, or control. You are requested to produce the records or copies thereof at The Federal Civil Practice Clinic, University of South Carolina Joseph F. Rice School of Law, 1525 Senate Street, Columbia , South Carolina, 29208, at a mutually convenient time, not later than 30 days after the service hereof, pursuant to and in accordance with Fed. R. Civ. P. Rules 26 and 34.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant

messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets, databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

4. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

5. "Policy" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

6. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

7. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

8. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or

communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

9. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

10. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

11. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

**REQUESTS FOR PRODUCTION**

1. All documents identified in response to Interrogatory #3, not subsequently produced in response to the Requests for Production below.
2. Any and all documents or written materials displaying or explaining the organizational management structure of Columbia Housing Authority as it relates to any supervisory chains or hierarchical structure for positions held by Plaintiff, Cynthia Gore, Latoya Nix,

Bobby Brown, or Barry Hall from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

3. Any and all documents or written materials displaying or explaining the organizational structure or hierarchy of the departments, divisions, or other subunits of Columbia Housing Authority from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

4. Any and all documents or written materials related to the description of duties and responsibilities of any positions held by Cynthia Gore, Latoya Nix, Bobby Brown or Barry Hall at Columbia Housing Authority from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

5. Any and all documents or written materials that could be considered an employee handbook, employee code of conduct, or other collection of employee policies applicable to Ms. Wise or any other CHA employee from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

6. Any and all documents related to Columbia Housing Authority's FMLA leave policy that would have applied to Ms. Wise or any other Columbia Housing Authority employee from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

7. Any and all documents related to any additional Columbia Housing Authority employee leave policy, not already produced in response to Requests for Production #6, that would have applied to Ms. Wise or any other Columbia Housing Authority Employee from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

8. Any and all documents related to CHA's employee disciplinary policies that would have applied to Ms. Wise or any other Columbia Housing Authority employee from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

9. Any and all documents related to any other employee policy, not already produced in response to Request for Production #5, #6, #7, or #8, that would have applied to Ms. Wise or any other Columbia Housing Authority Employee from 2021-2025 as well as any variations, updates, or changes to those materials during this time period.

10. Produce all documents relating to Columbia Housing Authority's compensation policies or reflecting Plaintiff's wages, salary or compensation, during Ms. Wise's employment at Columbia Housing Authority from 2021-2025.

11. Any and all communications made by work phone or work email between or among any of the named individual Defendants (Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall), as well as any written work documents transferred between these parties, from 2021-2025, as it directly or indirectly relates to Ms. Wise, her employment at Columbia Housing Authority, or any potential changes to her position at Columbia Housing Authority.

12. Any and all communications made by work phone or work email between Ms. Wise and any of the individually named Defendants (Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall), as well as any written work documents transferred between these parties, from 2021-2025.

13. Any and all communications made by work phone or work email between Ms. Wise and any other Columbia Housing Authority employee, as well as any written work documents transferred between these parties, as it directly or indirectly relates to Ms. Wise's formal

or informal requests for leave, requests for accommodation, or any potential changes to her position at Columbia Housing Authority, between 2021-2025.

14. Any and all other communications, not already produced in response to Request for Production #11–12 above, sent or received by any of the named individual Defendants (Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall) via work phone or work email to any other person or entity from 2021-2025, as it directly or indirectly relates to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

15. Any and all other communications, not already produced in response to Request for Production #10–14 above, sent or received by any other CHA employee via work phone or work email to any other person or entity from 2021-2025, as it directly or indirectly relates to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

16. Any and all documents or written materials related to Ms. Wise's employment file at CHA from 2021 to 2025 including but not limited to performance evaluations, disciplinary records, commendations, attendance records, and compensation history.

17. Any and all documents or written material related to the positions identified in response to Interrogatory #13.

18. Any and all Columbia Housing Authority Human Resources documents or written materials related to Ms. Wise's employment with the Columbia Housing Authority

including complaints or incidents documented by Human Resources where Ms. Wise is the source, subject of, witness to, or party to the complaint.

19. Any and all documents or written materials related to the positions identified in response to Interrogatory #9, including any postings for those positions (whether public-facing or internal Columbia Housing Authority materials).

20. Any and all documents or written materials relating to Ms. Wise's applications or requests to transfer to new or existing positions at Columbia Housing Authority from 2021-2025 including but not limited to application materials, interview materials, notes, or final determinations for the positions.

21. Any and all documents related to any direct or indirect decision, reason, or consideration made by any Columbia Housing Authority employee in regard to any potential change, promotion, demotion, or transfer of Ms. Wise's position at the Columbia Housing Authority from 2021-2025.

22. Any and all documents or written materials relating to the wage, salary, or compensation amount or range for any position that Ms. Wise has held, applied for, was considered for, or denied, including both public-facing and internal CHA materials from 2021-2025.

23. Any and all documents or written materials related to Ms. Wise's FMLA leave requests including but not limited to documents reflecting final dispositions, reasons for decision, internal notes, and communications with Ms. Wise from 2021-2025.

24. Any and all documents or written materials related to Ms. Wise's request(s) for short term disability including but not limited to documents reflecting final dispositions, reasons for decision, internal notes, and communications with Ms. Wise from 2021-2025.

25. Any and all documents or written materials related to Ms. Wise's requests for leave, accommodations, or changes to job responsibilities or attendance including but not limited to documents reflecting final dispositions, reasons for decision, internal notes, and correspondence with Ms. Wise from 2021-2025.
26. Any and all documents or written materials related to the disciplinary infractions and policy violations identified in response to Interrogatory #20.
27. Any and all documents or written materials related to any applications for the positions identified in Interrogatory #9.
28. Any written policies or declaration pages for any insurance agreement listed in response to Interrogatory #24.
29. Any documents or written materials that directly or indirectly relate to meetings between CHA employee Bobby Brown and Ms. Wise from 2021-2025.
30. Any written materials that directly or indirectly relate to any meeting between a CHA supervisor and Ms. Wise from 2021-2025.
31. Any and all documents reflecting communications from the CEO of the Columbia Housing Authority to employee(s) regarding a $500 payment or similar assistance payment during or in response to COVID.

Respectfully submitted,

April 3rd, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
USC Rice School of Law
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise, Plaintiff, | ) | C.A. No.: 3.24-cv-04066-MGL-PJG |
| v. | ) | **PLAINTIFF'S FIRST SET OF INTEROGATORIES DIRECTED TO LATOYA NIX** |
| Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall, Defendants. | ) | |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY served the following written interrogatories to be answered separately and in writing within thirty (30) days from the date of service hereof, pursuant to and in accordance with Rule 26 and 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets,

databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Identify" when used with respect to a document means to state (a) the type of document (e.g., email, letter, memorandum, note, video, voicemail); (b) the title or subject matter of the document, (c) the author or creator of the document, (d) the date the document was created, (e) the date the document was transmitted, if transmitted, (f) the sender(s) and recipient(s) of the document, if transmitted, (g) the current custodian or location of the document, (h) any Bates number(s) or other identifying number, if produced. To the extent the information requested is not known in full, "identify" means to also provide all information known or available that would assist in identifying or locating the person, document, communication, or thing.

4. "Identify" when used with respect to a communication means to state (a) the parties to the communication, (b) the date of the communication, (c) the type of communication (e.g., discussion, email, text, telephone call), and (d) nature and substance of the communication.

5. "Identify" when used with respect to a position (as defined below) means to state (a) the title of the position, (b) a description of the duties and responsibilities of the position, (c) the rate of pay or compensation structure for the position, including any fringe benefits such as health insurance, retirement plans, paid leave, and perks, (d) any requirements the position (e.g., required education, experience, or certifications), (e) conditions or terms of employment for the position, and (f) the reporting structure of the position.

6. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any

other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

7. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

8. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

9. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

10. "Policies" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

11. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

12. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

13. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

14. "State the basis" when used with respect to a decision, disposition, or outcome means to state (a) all material facts supporting the decision, disposition, or outcome, and (b) all reasons or rationales for the decision, disposition, or outcome.

15. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

16. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

17. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

18. "You" means the named Defendant Latoya Nix.

19. "CHA" means Defendant Columbia Housing Authority.

**INTERROGATORIES**

1. State the name and, if known, the address, telephone number, email address, and social media accounts of each person likely to have discoverable information that Defendant Latoya Nix may use to support its claims or defenses.
2. For each person listed in the response to Interrogatory #1, set forth a summary of that person's knowledge or discoverable information sufficient to inform Plaintiff of the important facts known to each person and discoverable documents in their possession.
3. Identify all documents that Defendant Latoya Nix has in his or her possession, custody, or control and may use to support its claims or defenses.
4. Identify every communication made by you to another person through a personal phone, personal email, or social media account, from 2021-2025, that directly or indirectly relates to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO LATOYA NIX** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY REQUESTED to produce and permit Plaintiff, Roselyn Wise, to inspect and copy the following documents and/or things that are within your possession, custody, or control. You are requested to produce the records or copies thereof at The Federal Civil Practice Clinic, University of South Carolina Joseph F. Rice School of Law, 1525 Senate Street, Columbia, South Carolina, 29208, at a mutually convenient time, not later than 30 days after the service hereof, pursuant to and in accordance with Fed. R. Civ. P. Rules 26 and 34.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets, databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

4. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

5. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

6. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

7. "Policy" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

8. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

9. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

10. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

11. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

12. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

13. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

14. "You" means the named Defendant Latoya Nix.

**REQUESTS FOR PRODUCTION**

1. All documents identified in response to Interrogatory #3.
2. Any and all documents or written material related to communications made by personal phone, personal email, or social media between you and any CHA employee from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.
3. Any and all documents or written material related to communications (not already produced in response to Request for Production #2 above) made by personal phone, personal email, or social media between you and any other person from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

*[Signature Page Follows]*

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br><br>**PLAINTIFF'S FIRST SET OF INTEROGATORIES DIRECTED TO CYNTHIA GORE** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY served the following written interrogatories to be answered separately and in writing within thirty (30) days from the date of service hereof, pursuant to and in accordance with Rule 26 and 33 of the Federal Rules of Civil Procedure.

**<u>DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS</u>**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets,

databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Identify" when used with respect to a document means to state (a) the type of document (e.g., email, letter, memorandum, note, video, voicemail); (b) the title or subject matter of the document, (c) the author or creator of the document, (d) the date the document was created, (e) the date the document was transmitted, if transmitted, (f) the sender(s) and recipient(s) of the document, if transmitted, (g) the current custodian or location of the document, (h) any Bates number(s) or other identifying number, if produced. To the extent the information requested is not known in full, "identify" means to also provide all information known or available that would assist in identifying or locating the person, document, communication, or thing.

4. "Identify" when used with respect to a communication means to state (a) the parties to the communication, (b) the date of the communication, (c) the type of communication (e.g., discussion, email, text, telephone call), and (d) nature and substance of the communication.

5. "Identify" when used with respect to a position (as defined below) means to state (a) the title of the position, (b) a description of the duties and responsibilities of the position, (c) the rate of pay or compensation structure for the position, including any fringe benefits such as health insurance, retirement plans, paid leave, and perks, (d) any requirements the position (e.g., required education, experience, or certifications), (e) conditions or terms of employment for the position, and (f) the reporting structure of the position.

6. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any

other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

7. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

8. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

9. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

10. "Policies" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

11. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

12. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

13. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

14. "State the basis" when used with respect to a decision, disposition, or outcome means to state (a) all material facts supporting the decision, disposition, or outcome, and (b) all reasons or rationales for the decision, disposition, or outcome.

15. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

16. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

17. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

18. "You" means the named Defendant Cynthia Gore.

19. "CHA" means Defendant Columbia Housing Authority.

**INTERROGATORIES**

1. State the name and, if known, the address, telephone number, email address, and social media accounts of each person likely to have discoverable information that Defendant Cynthia Gore may use to support its claims or defenses.
2. For each person listed in the response to Interrogatory #1, set forth a summary of that person's knowledge or discoverable information sufficient to inform Plaintiff of the important facts known to each person and discoverable documents in their possession.
3. Identify all documents that Defendant Cynthia Gore has in his or her possession, custody, or control and may use to support its claims or defenses.
4. Identify every communication made by you to another person through a personal phone, personal email, or social media account, from 2021-2025, that directly or indirectly relates to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | ) | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO CYNTHIA GORE** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY REQUESTED to produce and permit Plaintiff, Roselyn Wise, to inspect and copy the following documents and/or things that are within your possession, custody, or control. You are requested to produce the records or copies thereof at The Federal Civil Practice Clinic, University of South Carolina Joseph F. Rice School of Law, 1525 Senate Street, Columbia , South Carolina, 29208, at a mutually convenient time, not later than 30 days after the service hereof, pursuant to and in accordance with Fed. R. Civ. P. Rules 26 and 34.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets, databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

4. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

5. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

6. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

7. "Policy" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

8. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

9. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

10. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

11. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

12. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

13. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

14. "You" means the named Defendant Cynthia Gore.

**REQUESTS FOR PRODUCTION**

1. All documents identified in response to Interrogatory #3.
2. Any and all documents or written material related to communications made by personal phone, personal email, or social media between you and any CHA employee from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.
3. Any and all documents or written material related to communications (not already produced in response to Request for Production #2 above) made by personal phone, personal email, or social media between you and any other person from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | ) | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br>**PLAINTIFF'S FIRST SET OF INTEROGATORIES DIRECTED TO BOBBY BROWN** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY served the following written interrogatories to be answered separately and in writing within thirty (30) days from the date of service hereof, pursuant to and in accordance with Rule 26 and 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets,

databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Identify" when used with respect to a document means to state (a) the type of document (e.g., email, letter, memorandum, note, video, voicemail); (b) the title or subject matter of the document, (c) the author or creator of the document, (d) the date the document was created, (e) the date the document was transmitted, if transmitted, (f) the sender(s) and recipient(s) of the document, if transmitted, (g) the current custodian or location of the document, (h) any Bates number(s) or other identifying number, if produced. To the extent the information requested is not known in full, "identify" means to also provide all information known or available that would assist in identifying or locating the person, document, communication, or thing.

4. "Identify" when used with respect to a communication means to state (a) the parties to the communication, (b) the date of the communication, (c) the type of communication (e.g., discussion, email, text, telephone call), and (d) nature and substance of the communication.

5. "Identify" when used with respect to a position (as defined below) means to state (a) the title of the position, (b) a description of the duties and responsibilities of the position, (c) the rate of pay or compensation structure for the position, including any fringe benefits such as health insurance, retirement plans, paid leave, and perks, (d) any requirements the position (e.g., required education, experience, or certifications), (e) conditions or terms of employment for the position, and (f) the reporting structure of the position.

6. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any

other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

7. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

8. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

9. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

10. "Policies" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

11. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

12. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

13. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

14. "State the basis" when used with respect to a decision, disposition, or outcome means to state (a) all material facts supporting the decision, disposition, or outcome, and (b) all reasons or rationales for the decision, disposition, or outcome.

15. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

16. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

17. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

18. "You" means the named Defendant Bobby Brown.

19. "CHA" means Defendant Columbia Housing Authority.

**INTERROGATORIES**

1. State the name and, if known, the address, telephone number, email address, and social media accounts of each person likely to have discoverable information that Defendant Bobby Brown may use to support its claims or defenses.
2. For each person listed in the response to Interrogatory #1, set forth a summary of that person's knowledge or discoverable information sufficient to inform Plaintiff of the important facts known to each person and discoverable documents in their possession.
3. Identify all documents that Defendant Bobby Brown has in his or her possession, custody, or control and may use to support its claims or defenses.
4. Identify every communication made by you to another person through a personal phone, personal email, or social media account, from 2021-2025, that directly or indirectly relates to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO BOBBY BROWN** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY REQUESTED to produce and permit Plaintiff, Roselyn Wise, to inspect and copy the following documents and/or things that are within your possession, custody, or control. You are requested to produce the records or copies thereof at The Federal Civil Practice Clinic, University of South Carolina Joseph F. Rice School of Law, 1525 Senate Street, Columbia, South Carolina, 29208, at a mutually convenient time, not later than 30 days after the service hereof, pursuant to and in accordance with Fed. R. Civ. P. Rules 26 and 34.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets, databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

4. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

5. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

6. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

7. "Policy" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

8. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

9. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

10. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

11. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

12. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

13. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

14. "You" means the named Defendant Bobby Brown.

**REQUESTS FOR PRODUCTION**

1. All documents identified in response to Interrogatory #3.
2. Any and all documents or written material related to communications made by personal phone, personal email, or social media between you and any CHA employee from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.
3. Any and all documents or written material related to communications (not already produced in response to Request for Production #2 above) made by personal phone, personal email, or social media between you and any other person from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

*[Signature Page Follows]*

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise, Plaintiff, | ) | C.A. No.: 3.24-cv-04066-MGL-PJG |
| v. | ) | **PLAINTIFF'S FIRST SET OF INTEROGATORIES DIRECTED TO BARRY HALL** |
| Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall, Defendants. | ) | |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY served the following written interrogatories to be answered separately and in writing within thirty (30) days from the date of service hereof, pursuant to and in accordance with Rule 26 and 33 of the Federal Rules of Civil Procedure.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

2. "Document" means any written, recorded, or graphic material of any kind, whether in hard copy, electronic, digital, or other form, including but not limited to emails, text messages, instant messages, correspondence, memoranda, notes, reports, recordings, photographs, spreadsheets,

databases, social media content, drafts, and all non-identical copies thereof, whether or not such copies differ from the original in any respect.

3. "Identify" when used with respect to a document means to state (a) the type of document (e.g., email, letter, memorandum, note, video, voicemail); (b) the title or subject matter of the document, (c) the author or creator of the document, (d) the date the document was created, (e) the date the document was transmitted, if transmitted, (f) the sender(s) and recipient(s) of the document, if transmitted, (g) the current custodian or location of the document, (h) any Bates number(s) or other identifying number, if produced. To the extent the information requested is not known in full, "identify" means to also provide all information known or available that would assist in identifying or locating the person, document, communication, or thing.

4. "Identify" when used with respect to a communication means to state (a) the parties to the communication, (b) the date of the communication, (c) the type of communication (e.g., discussion, email, text, telephone call), and (d) nature and substance of the communication.

5. "Identify" when used with respect to a position (as defined below) means to state (a) the title of the position, (b) a description of the duties and responsibilities of the position, (c) the rate of pay or compensation structure for the position, including any fringe benefits such as health insurance, retirement plans, paid leave, and perks, (d) any requirements the position (e.g., required education, experience, or certifications), (e) conditions or terms of employment for the position, and (f) the reporting structure of the position.

6. "Leave" means any period of time during which an employee is absent from scheduled or regular work hours, whether paid or unpaid, approved or unapproved, including but not limited to vacation leave, holiday leave, sick leave, medical leave, family leave, parental leave, disability leave, administrative leave, personal leave, leave under the Family and Medical Leave Act, or any

other absence from work for any reason, whether voluntary or involuntary, scheduled or unscheduled, and regardless of how such time is categorized, recorded, or described by the employer.

7. "Person" means any natural person, corporation, partnership, limited liability company, association, governmental entity, or any other legal or business entity, including all agents, employees, representatives, and persons acting on its behalf.

8. "Personal Email" means any email account, address, or system not provided or maintained by an employer, including any account created or used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

9. "Personal Phone" means any telephone, smartphone, or other mobile or electronic communication device not issued by an employer, including any device owned, leased, or primarily used by an individual for personal purposes, but which is or was used, in whole or in part, for work-related communications or activities at any time.

10. "Policies" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

11. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

12. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

13. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

14. "State the basis" when used with respect to a decision, disposition, or outcome means to state (a) all material facts supporting the decision, disposition, or outcome, and (b) all reasons or rationales for the decision, disposition, or outcome.

15. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

16. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

17. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

18. "You" means the named Defendant Barry Hall.

19. "CHA" means Defendant Columbia Housing Authority.

**INTERROGATORIES**

1. State the name and, if known, the address, telephone number, email address, and social media accounts of each person likely to have discoverable information that Defendant Barry Hall may use to support its claims or defenses.
2. For each person listed in the response to Interrogatory #1, set forth a summary of that person's knowledge or discoverable information sufficient to inform Plaintiff of the important facts known to each person and discoverable documents in their possession.
3. Identify all documents that Defendant Barry Hall has in his or her possession, custody, or control and may use to support its claims or defenses.
4. Identify every communication made by you to another person through a personal phone, personal email, or social media account, from 2021-2025, that directly or indirectly relates to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roselyn Wise,<br>Plaintiff,<br><br>v.<br><br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 3.24-cv-04066-MGL-PJG<br><br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION DIRECTED TO BARRY HALL** |

**TO: COLUMBIA HOUSING AUTHORITY, DEFENDANT**

YOU ARE HEREBY REQUESTED to produce and permit Plaintiff, Roselyn Wise, to inspect and copy the following documents and/or things that are within your possession, custody, or control. You are requested to produce the records or copies thereof at The Federal Civil Practice Clinic, University of South Carolina Joseph F. Rice School of Law, 1525 Senate Street, Columbia , South Carolina, 29208, at a mutually convenient time, not later than 30 days after the service hereof, pursuant to and in accordance with Fed. R. Civ. P. Rules 26 and 34.

**DEFINITIONS, INSTRUCTIONS, AND DIRECTIONS**

The following terms in this request to produce have the following meanings:

1. "Communication" means any transmission or exchange of information, whether oral, written, electronic, or otherwise, including but not limited to conversations, discussions, meetings, emails, text messages, instant messages, social media messages, voicemails, and any other means by which information is conveyed from one person or entity to another.

7. "Policy" means any written or unwritten rule, guideline, practice, procedure, handbook, manual, or custom, whether formal or informal.

8. "Position" means any job, role, title, duty, or classification held or sought by an individual at Columbia Housing Authority for compensation, whether full-time, part-time, temporary, permanent, contract, or otherwise.

9. "Related to" means connected with, referring to, concerning, describing, evidencing, constituting, reflecting, arising from, growing out of, or in any way logically or factually associated with, whether directly or indirectly.

10. "Social Media" means any website, application, or electronic platform, whether public or private, through which users create, share, view, or exchange content, information, or communications, including but not limited to posts, messages, comments, images, videos, or other data. This includes, without limitation, platforms such as Facebook, Instagram, X (formerly Twitter), TikTok, Snapchat, LinkedIn, and any messaging or collaboration platforms such as Slack, Microsoft Teams, or similar services, whether accessed via computer, mobile device, or other means.

11. "Written material" means any form of recorded information or expression reduced to writing or stored in a retrievable form, including but not limited to printed, typed, handwritten, or electronically stored information, regardless of whether it constitutes a "document" as otherwise defined.

12. "Work email" means any email account, address, or system provided, maintained, or used by an individual in connection with their employment or job duties, including employer-issued email accounts and any personal email accounts used for work-related communications.

13. "Work phone" means any telephone, smartphone, or other mobile or electronic communication device provided, paid for, reimbursed, or otherwise used by an individual in connection with their employment or job duties, including both employer-issued devices and personal devices used for work-related purposes.

14. "You" means the named Defendant Barry Hall.

**REQUESTS FOR PRODUCTION**

1. All documents identified in response to Interrogatory #3.
2. Any and all documents or written material related to communications made by personal phone, personal email, or social media between you and any CHA employee from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.
3. Any and all documents or written material related to communications (not already produced in response to Request for Production #2 above) made by personal phone, personal email, or social media between you and any other person from 2021-2025, that directly or indirectly relate to Ms. Wise, her employment, her requests for leave, her requests for reasonable accommodations, her requests for short-term disability, potential changes to her compensation, or any potential changes in her position at Columbia Housing Authority.

*[SIGNATURE PAGE FOLLOWS]*

Respectfully submitted,

April 3, 2026
Columbia, South Carolina

Adair F. Boroughs
District Court Bar No. 12485
Joseph F. Rice School of Law
University of South Carolina
1525 Senate Street
Columbia, SC 29208
adairfb@mailbox.sc.edu

# EXHIBIT B

Plaintiff's Good Faith Conferral Letter
dated May 22, 2026

May 22, 2026

**Boykin and Davis LLC**
Charles J. Boykin, Esq.
Kenneth A. Davis, Esq.
**Tierney F. Goodwyn, Esq.**
**Timothy J. Boykin, Esq.**
Boykin & Davis, LLC
P.O. Box 11844
Columbia, SC 29211

Re: Good Faith Conferral Pursuant to Fed. R. Civ. P. 37(a)(1)
Case: Wise v. Columbia Housing Authority et al.
Case No.: 3:24-cv-04066-MGL-PJG

Attention: **Tierney F. Goodwyn and Timothy J. Boykin**

Dear Boykin and Davis,

I write pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.02 (D.S.C.) to confer in good faith regarding Defendants' failure to produce administrative discovery responses by the court-ordered deadline.

Pursuant to the Fifth Amended Scheduling Order (ECF No. 181), all discovery was to be completed no later than May 4, 2026. That order expressly states that no extension of the discovery deadline will be permitted without leave of court. Defendants have not produced the requested administrative discovery, have not sought leave of court for an extension, and have not contacted me to explain or remedy the deficiency.

I am requesting that Defendants produce all outstanding administrative discovery responses in full no later than May 29, 2026. If I do not receive complete production by that date, I will have no choice but to file a Motion to Compel with the Court, seek appropriate sanctions under Fed. R. Civ. P. 37(b) and (d), and bring Defendants' noncompliance to the Court's attention.

Please confirm receipt of this letter and advise whether Defendants intend to comply.

Respectfully,

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209
803-250-7545

**CERTIFICATE OF SERVICE**

Case No.: 3:24-cv-04066-MGL-PJG

I, Roselyn Wise, hereby certify that on May 22, 2026, I served the foregoing Good Faith Conferral Letter to produce discovery upon the following counsel of record by United States Certified Mail, postage prepaid:

Charles J. Boykin, Esq. Kenneth A. Davis, Esq. Tierney F. Goodwyn, Esq. Timothy J. Boykin, Esq. Boykin & Davis, LLC P.O. Box 11844 Columbia, SC 29211

Respectfully submitted,

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209

May 22, 2026
Columbia, South Carolina

Tracking Number:

**4202921118449500106631766142831230**

Copy Add to Informed Delivery

## Latest Update

Your item has been delivered and is available at a PO Box at 8:09 am on May 27, 2026 in COLUMBIA, SC 29211.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, PO Box**
COLUMBIA, SC 29211
May 27, 2026 8:09 AM

**Arrived at Post Office**
COLUMBIA, SC 29201
May 27, 2026 8:09 AM

**Arrived at USPS Facility**
COLUMBIA SC PROCESSING CENTER
May 22, 2026 6:42 PM

**Departed Post Office**
COLUMBIA, SC 29206
May 22, 2026 5:05 PM

**USPS electronic receipt of item for mailing**
COLUMBIA, SC 29206
May 22, 2026 3:08 PM