**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

RCV'D - USDC COLA SC
JUN 26 '26 PM4:00

| | |
|---|---|
| Roselyn Wise,<br><br>Plaintiff,<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall<br><br>Defendants. | **C/A No. 3:24-cv-04066-MGL-PJG**<br><br>**PLAINTIFF'S MOTION TO COMPEL COMPLETE DISCOVERY RESPONSES FROM DEFENDANT CHA AND SUPPLEMENTATION OF DEFICIENT RESPONSES FROM DEFENDANTS GORE, NIX, BROWN, AND HALL** |

Plaintiff Roselyn Wise, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 37(a) and Local Civil Rule 7.04 (D.S.C.) for an order compelling Defendant Columbia Housing Authority ("CHA") to produce complete discovery responses, and compelling Defendants Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall (the "Individual Defendants") to supplement their deficient discovery responses. This Motion addresses developments occurring after May 29, 2026, the date through which Plaintiff's renewed Motion to Compel, filed concurrently, is limited. In support thereof, and pursuant to Local Civil Rules 5.01 and 7.04 (D.S.C.), Plaintiff files herewith as exhibits the relevant portions of the discovery material at issue, and states as follows:

## I. BACKGROUND

As set forth more fully in Plaintiff's renewed Motion to Compel filed concurrently, Plaintiff served discovery requests on Defendant CHA and the Individual Defendants on April 3, 2026

(Exhibit A, Plaintiff's First Set of Interrogatories and Requests for Production Directed to CHA and to the Individual Defendants), with responses due May 4, 2026 under the Fifth Amended Scheduling Order (ECF No. 181), and that no Defendant produced any discovery by that deadline or by the extended May 29, 2026 deadline set in Plaintiff's May 22, 2026 conferral letter.

On May 29, 2026, the Individual Defendants, but not CHA, served incomplete answers to interrogatories and responses to requests for production, which Plaintiff received by mail on June 3, 2026. (Exhibit B, Individual Defendants' Discovery Responses.) As to Interrogatory No. 4 and Request for Production Nos. 2–3 directed to each Individual Defendant, which sought identification of, and documents reflecting, every communication made by that defendant through a personal phone, personal email, or social media account relating to Plaintiff's employment, leave requests, accommodation requests, compensation, or position changes from 2021 to 2025, each Individual Defendant responded only that he or she "does not have documents responsive to this interrogatory" or "does not have documents responsive to this request," without describing any search conducted, any source searched, or any date range covered. No Individual Defendant served a privilege log. Defendant CHA served no response of any kind.

On June 15, 2026, Plaintiff sent a second good faith conferral letter itemizing three deficiencies: (1) CHA's complete failure to serve any discovery response; (2) the Individual Defendants' blanket "no documents" representations, which Plaintiff stated were inconsistent with information already known to her regarding the existence of such communications; and (3) the absence of any privilege log despite the possibility that responsive material was being withheld. (Exhibit C, June 15, 2026 Conferral Letter.) That letter specifically requested that CHA produce

its complete discovery responses, that each Individual Defendant supplement his or her response with a description of the search conducted and produce any responsive communications, and that any Defendant withholding material on a claim of privilege serve a privilege log, all no later than June 25, 2026. USPS tracking confirms that letter was delivered to defense counsel's P.O. Box on June 18, 2026 at 8:21 a.m., providing Defendants seven days' actual notice of the June 25, 2026 cure deadline. (Exhibit C.)

June 25, 2026 has now passed. As of the filing of this Motion, Defendant CHA has still not served any answer, response, objection, or document of any kind, more than seven weeks after the original court-ordered deadline and despite two separate good faith conferral letters. No Individual Defendant has supplemented his or her interrogatory answers or document production, described any search conducted, produced any additional documents, or served a privilege log. No Defendant has responded to Plaintiff's June 15, 2026 letter in any way. Nothing further was received by mail or otherwise by the June 25, 2026 cure deadline Plaintiff's letter set.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party to move to compel an answer to an interrogatory served under Rule 33 or production of documents requested under Rule 34 when the responding party fails to answer or fails to produce. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). Critically, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Parties have a continuing duty to supplement discovery responses that are incomplete. Fed. R. Civ. P. 26(e).

Local Civil Rule 7.04 (D.S.C.) requires that a motion to compel set forth the grounds for the motion and that the relevant portions of the discovery material be filed with the motion. Local

Civil Rule 5.01 (D.S.C.) likewise requires that a copy of the relevant portion of the discovery material be filed contemporaneously with any motion seeking relief with respect to that material. A motion to compel must include a certification of good faith conferral. Fed. R. Civ. P. 37(a)(1).

## III. ARGUMENT

### A. CHA Has Produced Nothing At All Despite Two Conferral Letters and Three Missed Deadlines

CHA's discovery responses were due May 4, 2026. (ECF No. 181.) More than seven weeks have passed. In that time, Plaintiff sent two separate good faith conferral letters, on May 22, 2026 and June 15, 2026, each setting a specific cure deadline. (Exhibits B, C.) CHA has not served a single answer to any of the 25 interrogatories or a single document responsive to any of the 31 requests for production served April 3, 2026 in response to either letter or otherwise. CHA has not sought leave of court for an extension, has not asserted privilege as to any category, and has not communicated any basis for its noncompliance. This is not a case of inadvertent delay; CHA is represented by experienced counsel who are fully aware of their discovery obligations, this Court's scheduling order, and the two specific deadlines Plaintiff's letters provided.

### B. The Individual Defendants' Blanket "No Documents" Responses Are Evasive and Incomplete, and Were Never Cured Despite a Specific Opportunity to Do So

Each Individual Defendant's response to Interrogatory No. 4 and Request for Production Nos. 2–3 is identical: a bare statement that no responsive documents exist, with no description of any search performed. (Exhibit B.) Plaintiff herself was a direct participant in numerous communications with CHA personnel, including the Individual Defendants, concerning her employment, leave, accommodation requests, interviews for the positions identified in her Interrogatory No. 9 to CHA, and other matters squarely within the scope of these requests, and is

in possession of records reflecting that such communications occurred. Because communications by their nature involve at least two participants, the existence of communications on Plaintiff's side necessarily means that responsive material existed, at least at one time, on the Individual Defendants' side as well. A blanket denial that fails to identify what search, if any, was conducted of personal email accounts, personal phones, and social media accounts, the very categories of sources the requests specifically named, does not satisfy a party's discovery obligations and must be treated as a failure to respond under Rule 37(a)(4).

Plaintiff's June 15, 2026 letter gave each Individual Defendant a specific opportunity to cure this deficiency: describe the search conducted, or produce responsive material, by June 25, 2026. (Exhibit C.) Not one Individual Defendant responded to that letter in any way. The combination of an unexplained blanket denial and a complete failure to respond to a specific, itemized opportunity to substantiate or cure that denial supports the inference that the "no documents" representation does not reflect a genuine, diligent search, but rather a pattern of minimal technical compliance intended to create an appearance of cooperation while continuing to withhold substantive discovery.

**C. The Absence of Any Privilege Log Independently Warrants Relief**

Plaintiff's June 15, 2026 letter specifically requested that, to the extent any Defendant was withholding responsive material on a claim of privilege, that Defendant serve a privilege log sufficient to permit Plaintiff to evaluate the claim. (Exhibit C.) No Defendant has served any privilege log or otherwise asserted privilege as the basis for the absence of responsive material. To the extent the "no documents" responses rest on an undisclosed privilege determination rather than a genuine absence of material, that basis must be disclosed and is independently subject to challenge.

**D. Plaintiff Has Twice Satisfied the Good Faith Conferral Requirement, and Defendants' Failure to Respond at All Underscores the Need for Court Intervention**

Plaintiff's June 15, 2026 letter specifically itemized each of the deficiencies described above as to CHA and as to each Individual Defendant, and provided a further ten days, until June 25, 2026, to cure them. (Exhibit C.) No Defendant responded to that letter in any way, let alone cured any identified deficiency. Plaintiff has therefore satisfied, and exceeded, the meet and confer requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.02 (D.S.C.). Defendants' complete silence in response to a detailed, good faith letter identifying specific, curable deficiencies and offering a specific deadline demonstrates that further informal efforts to resolve this dispute would be futile and that court intervention is necessary.

**E. Sanctions Are Warranted**

Federal Rule of Civil Procedure 37(d)(1)(A) authorizes sanctions when a party fails to serve answers or responses to discovery requests. Rule 37(a)(5)(A) authorizes an award of the movant's reasonable expenses, including costs, in obtaining an order compelling discovery. CHA's continuing, total failure to respond to any discovery despite a court order, two conferral letters and three missed deadlines, and the Individual Defendants' evasive responses and complete failure to respond to a specific, itemized cure request, warrant sanctions including an order compelling immediate and complete production and supplementation, an award of Plaintiff's reasonable costs incurred in bringing this Motion, and such further relief as the Court deems appropriate.

## <u>IV. CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order:

1. Compelling Defendant CHA to serve complete, verified answers to all 25 interrogatories and to produce all documents responsive to all 31 requests for production served April 3, 2026, within seven (7) days of the Court's order;

2. Compelling Defendants Gore, Nix, Brown, and Hall to supplement their answers to Interrogatory No. 4 and their responses to Request for Production Nos. 2–3, including a description of the search each conducted, the sources searched (including personal email accounts, personal phones, and social media accounts), and the date range covered, within seven (7) days of the Court's order;

3. Compelling Defendants Gore, Nix, Brown, and Hall to produce all responsive, non-privileged communications located in that supplemental search;

4. Compelling all Defendants to serve a privilege log identifying, with particularity sufficient to permit evaluation of the claim, any responsive material withheld on a claim of privilege;

5. Awarding Plaintiff the reasonable costs and fees incurred in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A); and

6. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209

June 25, 2026
Columbia, South Carolina

**CERTIFICATE OF SERVICE**

I, Roselyn Wise, hereby certify that on June 26, 2026, I served the foregoing Motion to Compel, together with Exhibits A through C, upon the following counsel of record by United States Certified Mail, postage prepaid, and/or electronic mail:

Boykin & Davis, LLC

Charles J. Boykin, Esq.

Kenneth A. Davis, Esq.

Tierney F. Goodwyn, Esq.

Timothy J. Boykin, Esq.

P.O. Box 11844

Columbia, SC 29211

RCV'D - USDC COLA SC
JUN 26 '26 PM4:00

Roselyn Wise

Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209