**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

Roselyn Wise,

Plaintiff,

Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall

Defendants.

C/A No. 3:24-4066-MGL-PJG

**PLAINTIFF'S MOTION FOR LEAVE TO PERMIT A REASONABLE COMPLIANCE DATE FOR SUBPOENA DUCES TECUM TO NONPARTY COLUMBIA HOUSING AUTHORITY DEVELOPMENTS-LORICK, LLC**

RCV'D - USDC COLA SC
JUN 29 '26 PM3:13

Plaintiff Roselyn Wise, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Civil Rule 6.01 (D.S.C.) for leave to set a reasonable compliance date, falling after July 6, 2026, for a subpoena duces tecum to nonparty Columbia Housing Authority Developments – Lorick, LLC ("Lorick") seeking the employment records of Defendant Latoya Nix. This Motion seeks a narrow, targeted extension limited solely to the compliance date of this one nonparty subpoena, and does not seek to disturb any other deadline in this matter. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

On June 5, 2026, this Court entered the Sixth Amended Scheduling Order (ECF No. 208), which reopened discovery for the limited purpose of allowing Plaintiff to obtain the employment records of Defendant Latoya Nix following her post-discovery termination from Defendant CHA. That Order provides that "[d]iscovery pertaining to the employment records of Defendant

Nix shall be completed no later than July 6, 2026," that "[a]ll discovery requests, including subpoenas duces tecum, shall be served in time for the responses thereto to be served by this date," and that "[n]o extension of this deadline will be permitted without leave of court." (ECF No. 208 at 1–2.)

Plaintiff is presenting a subpoena duces tecum directed to Columbia Housing Authority Developments-Lorick, LLC the entity believed to hold Defendant Nix's employment file, to the Clerk of this Court for issuance pursuant to Federal Rule of Civil Procedure 45(a)(3), and intends to serve it immediately upon issuance, with simultaneous notice to all parties as required by Federal Rule of Civil Procedure 45(a)(4).

Federal Rule of Civil Procedure 45(d)(3)(A)(i) requires that a subpoena allow the recipient a reasonable time to comply, and courts in this Circuit generally treat fewer than fourteen days as presumptively unreasonable absent unusual circumstances. Because the Sixth Amended Scheduling Order's July 6, 2026 deadline falls only days after the date of this filing, a compliance date set on or before July 6, 2026 would not afford Lorick, a nonparty with no independent obligation to expedite its response, a reasonable time to comply, and would expose the subpoena to a motion to quash or modify under Rule 45(d)(3)(A)(i) on that basis alone.

## II. ARGUMENT

Good cause exists to permit a compliance date for this single nonparty subpoena to fall after July 6, 2026. Plaintiff has acted diligently: the need for this discovery arises directly from Defendant Nix's termination, which occurred after the close of the original discovery period and which this Court already recognized as grounds to reopen discovery for this narrow purpose in the Sixth

Amended Scheduling Order. Plaintiff is presenting the subpoena for issuance promptly upon learning of the practical conflict between the July 6, 2026 deadline and Rule 45's reasonable-time requirement, rather than waiting until closer to the deadline.

The relief requested is narrow and will not prejudice any party. Plaintiff does not seek to reopen or extend discovery generally, to disturb any other deadline in the Sixth Amended Scheduling Order, or to delay any other aspect of this case. Plaintiff seeks only a reasonable compliance date for one subpoena directed to one nonparty custodian of records, addressing the single discovery topic the Court has already authorized.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order granting Plaintiff leave to set a compliance date of July 13, 2026 at 5:00 p.m., fourteen days from the date of this filing, or such other date as the Court deems reasonable, for the subpoena duces tecum to nonparty Columbia Housing Authority Developments – Lorick, LLC, notwithstanding the July 6, 2026 deadline set in the Sixth Amended Scheduling Order (ECF No. 208), and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209

June 29, 2026

Columbia, South Carolina

**CERTIFICATE OF SERVICE**

I, Roselyn Wise, hereby certify that on June 29, 2026, I served the foregoing Motion upon the following counsel of record by United States Certified Mail, postage prepaid, and/or electronic mail:

Boykin & Davis, LLC

Charles J. Boykin, Esq.

Kenneth A. Davis, Esq.

Tierney F. Goodwyn, Esq.

Timothy J. Boykin, Esq.

P.O. Box 11844

Columbia, SC 29211

RCV'D - USDC COLA SC
JUN 29 '26 PM3:13

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209