RCVD - USDC COLA SC
JUL 22 '26 PM12:13

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Roselyn Wise,<br><br>Plaintiff,<br><br>Columbia Housing Authority, Cynthia Gore, Latoya Nix, Bobby Brown, and Barry Hall<br><br>Defendants. | C/A No. 3:24-4066-MGL-PJG<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE [ECF NO. 218] FILED JULY 9, 2026, WHICH ADDRESSED BOTH PLAINTIFF'S RENEWED MOTION TO COMPEL [ECF NO. 214] AND PLAINTIFF'S MOTION TO COMPEL [ECF NO. 215] IN A SINGLE FILING** |

**PRELIMINARY STATEMENT REGARDING SERVICE AND TIMELINES**

Plaintiff is a pro se litigant who is not authorized to receive service via CM/ECF user and has not consented to electronic service in writing at any point in this litigation. Defendants' certificates of service on ECF Nos. 218 and 219 certify service by electronic mail and U.S. Mail on July 9, 2026. As of July 21, 2026, twelve days after the certified mailing date, Plaintiff has not received either filing by U.S. Mail. Plaintiff became aware of these filings while visiting the clerk of court on July 21, 2026 through independent review of the Court's PACER docket and files this Reply as promptly as practicable upon that discovery. Because proper U.S. Mail service has never been completed, Plaintiff's reply period has not been fully triggered. Plaintiff files this Reply without waiving any rights arising from Defendants' failure to complete proper service. This Reply is timely under any applicable calculation.

Plaintiff Roselyn Wise, proceeding pro se, respectfully submits this Reply in support of ECF Nos. 214 and 215. Defendants' Response [ECF No. 218] provides no legal authority for its

mootness argument, ignores the mandatory sanctions provision of Rule 37(a)(5)(A), makes representations directly contradicted by Defendants' own production, misrepresents the scope of Plaintiff's discovery requests, and certifies service that was never completed. The Plaintiff's Motions should be granted.

## I. ALL DEFENDANTS MISSED THREE CONSECUTIVE DEADLINES WITHOUT SEEKING LEAVE OF COURT

The Fifth Amended Scheduling Order (ECF No. 181) set May 4, 2026 as the firm deadline for completion of all discovery and expressly stated that no extension would be permitted without leave of court. No Defendant produced any discovery by May 4, 2026. No Defendant sought leave of court. No Defendant communicated any basis for noncompliance. (Exhibit A; Exhibit B.)

On May 22, 2026, Plaintiff sent a good faith conferral letter demanding production by May 29, 2026. (Exhibit C: Conferral Letter, Deadline: May 29, 2026.) That letter was delivered to defense counsel's P.O. Box on May 27, 2026 at 8:09 a.m. per USPS tracking. (Exhibit C.) No Defendant produced any discovery by May 29, 2026. No Defendant sought leave of court for an extension.

On June 15, 2026, Plaintiff sent a second good faith conferral letter identifying specific deficiencies and demanding cure by June 25, 2026. (Exhibit E -Second Conferral Letter, Deadline: June 25, 2026.) That letter was delivered to defense counsel's P.O. Box on June 18, 2026 at 8:21 a.m. per USPS tracking. (Exhibit E.) The June 25, 2026 deadline passed without CHA producing anything and without any Individual Defendant supplementing their responses. No Defendant sought leave of court for any extension of any deadline at any point in this matter.

In sum, Defendants missed three consecutive deadlines, the May 4 court-ordered deadline, the May 29 conferral deadline, and the June 25 second conferral deadline, without ever seeking leave of court as the scheduling order expressly required. CHA produced nothing until June 29, 2026, 56 days after the court-ordered deadline, which was still incomplete, and only after two Motions to Compel were filed. This is a pattern of deliberate disregard for this Court's orders and Plaintiff's discovery rights.

## II. LATE PRODUCTION DOES NOT MOOT THE MOTIONS AND DOES NOT EXTINGUISH THE RIGHT TO SANCTIONS

Defendants claim both Motions are moot because the Individual Defendants responded May 29, 2026 and CHA responded June 29, 2026. ECF No. 218 at 1. Defendants cite no legal authority because none supports this position.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the requested discovery is provided after a motion to compel is filed, the court must require the party who failed to produce to pay the movant's reasonable expenses, including attorney's fees, unless the failure was substantially justified. *Fed. R. Civ. P. 37(a)(5)(A). The rule explicitly contemplates this scenario and mandates fee-shifting.* Missing three consecutive deadlines over 56 days, producing incomplete discovery only after two motions to compel were filed, and failing to properly serve that production by United States Mail is not substantial justification; it is the precise conduct Rule 37 was designed to sanction.

## III. DEFENDANTS' OWN PRODUCTION CONTRADICTS THEIR CLAIM OF NO PERSONAL COMMUNICATIONS, AND DEFENDANTS MISREPRESENT THE SCOPE OF PLAINTIFF'S REQUESTS

Defendants represent that the Individual Defendants never made communications on personal phones, emails, or social media concerning Plaintiff. ECF No. 218 at 1-2. This is directly

contradicted by Defendants' own production: Bates DEF 0915-0916 are described as 'Cynthia Gore's Text Messages to Roselyn Wise.' Text messages are sent on personal phones. This directly refutes the representation in ECF No. 218.

Defendants also misrepresent the scope of Plaintiff's requests. Plaintiff's requests defined 'Work email' to include employer-issued accounts AND personal email accounts used for work-related communications, and 'Work phone' to include employer-issued devices AND personal devices used for work-related purposes. (Exhibit B.) Plaintiff's requests expressly captured both official and personal devices used for work. Defendants' claim that requests were limited to purely personal communications is false.

Furthermore, Plaintiff's RFP Nos. 11-15 directed to CHA specifically sought all communications made by work phone or work email between the Individual Defendants concerning Plaintiff from 2021-2025. (Exhibit A.) Under Defendants' own theory that all communications occurred through official CHA channels, CHA was independently required to produce all of those communications in response to RFP Nos. 11-15. CHA has not physically produced a single document. Defendants cannot simultaneously argue all communications went through official channels and that their production satisfies the requests when no physical documents have been delivered.

The 'official capacity' explanation was never disclosed in the Individual Defendants' May 29, 2026 responses, which stated only that each defendant 'does not have documents responsive' without any basis or description of any search. (Exhibit D.) An explanation invented for the first time in a response to a motion to compel does not retroactively satisfy discovery obligations. Under Rule 37(a)(4), an evasive or incomplete answer must be treated as a failure to respond.

## IV. DEFENDANTS' CERTIFICATES OF SERVICE ARE MATERIALLY FALSE REPRESENTATIONS TO THIS COURT

Defendants' certificate of service on ECF No. 218 certifies that Plaintiff was served 'by electronic mail and by mailing a copy of same, postage prepaid' on July 9, 2026. That certification is false in two independent respects.

First, Plaintiff has not received any copy of ECF No. 218 by United States Mail as of July 21, 2026, twelve days after the certified mailing date. A certificate of service is a representation to the Court that service was completed as stated. A party who certifies mail service that was never sent makes a materially false statement in a court filing. This is not an isolated error. Defense counsel has certified mail service on the June 29, 2026 discovery production, ECF No. 218, and ECF No. 219, none of which Plaintiff has received by U.S. Mail. This consistent pattern of certifying service that is never completed warrants this Court's attention and appropriate action.

Second, Plaintiff never received or consented to electronic service in writing. Federal Rule of Civil Procedure 5(b)(2)(E) permits service by electronic means only if the person consented in writing. Plaintiff has filed no document consenting to electronic service and has made no written agreement to accept service by email. Defense counsel had no basis to certify electronic service upon Plaintiff because Plaintiff has never provided the written consent Rule 5(b)(2)(E) requires. By certifying both electronic service and mail service that were either unauthorized or never completed, defense counsel has made materially false representations to this Court.

## V. CHA MISSED THE MAY 29, 2026 PRODUCTION DEADLINE AND ITS UNTIMELY JUNE 29, 2026 PRODUCTION HAS NOT BEEN PROPERLY SERVED JUNE 29, 2026 PRODUCTION HAS NOT BEEN PROPERLY SERVED

CHA was required to produce complete discovery responses no later than May 29, 2026 per Plaintiff's May 22, 2026 good faith conferral letter. As of May 29, 2026, CHA had produced no

responses whatsoever, no answers to any of the 25 interrogatories, no responses to any of the 31 requests for production, and no privilege log. CHA's June 29, 2026 responses, served 31 days after the conferral deadline and 56 days after the court-ordered May 4, 2026 deadline, have not been properly served on Plaintiff by United States Mail.

As of the date of this filing, Plaintiff has not received CHA's complete discovery responses or any accompanying documents by United States Mail. This includes Nix's personnel file (DEF 01601–01992), which CHA claims was produced June 29, 2026 and re-sent July 9, 2026 with a corrected Confidential designation. Although Plaintiff received the corrected Confidential designation letter, neither the original nor the corrected version of Nix's personnel file has ever been received by United States Mail.

The Individual Defendants mailed responses on May 29, 2026; however those responses were incomplete, consisting entirely of bare "no documents responsive" answers with no description of any search conducted, no identification of sources searched, and no privilege log identifying any withheld materials. Those responses were received by Plaintiff on June 3, 2026, after the May 29, 2026 deadline had already passed. The individual defendants were supposed to supplement their bare "no documents" responses per Plaintiff's June 15, 2026 conferral letter demand, yet no supplemental answers and no additional documents have ever arrived by U.S. Mail, and the privilege log that was produced is facially incomplete under Fed. R. Civ. P. 26(b)(5) because it fails to identify the dates of withheld communications, every instance in which defense counsel met with the individual defendants as requested, the persons involved, and the subject matter discussed with sufficient particularity to permit evaluation of the privilege claim.

Any argument that the Motions are moot on the basis of a production not properly served upon Plaintiff is without merit.

## VI. CHA'S RESPONSES LIST DOCUMENTS BUT DO NOT CONSTITUTE PRODUCTION UNDER RULE 34

CHA's RFP responses identify nearly 2,000 documents by Bates number and description but do not produce a single one. Under Rule 34, a party must actually produce documents -- physically deliver them to the requesting party in usable form. Listing Bates numbers is an index, not a production. No hard copies have been received by Plaintiff by U.S. Mail or any other consented means of service. To the extent CHA relies on Rule 33(d) in responding to interrogatories, that rule requires the responding party to also produce the referenced documents at the time of the response. Fed. R. Civ. P. 33(d). No documents have been physically produced to Plaintiff.

## VII. CHA'S PRODUCTION IS FACIALLY INCOMPLETE

CHA's response to RFP No. 4 produced only Nix's personnel file and expressly states it is 'compiling additional documents responsive to this request and will supplement its response.' This is an admission of incomplete production on the face of CHA's own response. The Court should not deny the Plaintiffs Motions as moot when CHA itself acknowledges it has not finished producing. Additionally, RFP No. 10 sought Plaintiff's actual wages, salary, and compensation records during her CHA employment. CHA produced only general compensation policy documents, not Plaintiff's individual pay records. This category goes directly to Plaintiff's pay discrimination claims and remains entirely unproduced.

## VIII. NOT A SINGLE PHYSICAL DOCUMENT HAS BEEN PRODUCED FOR INSPECTION

Not a single physical document has been produced to Plaintiff by U.S. Mail across any response served in this matter. Plaintiff's June 15, 2026 conferral letter specifically demanded production of emails, electronically stored information, and all responsive documents that had not been produced. (Exhibit E.) Despite that demand, Defendants' June 29, 2026 responses continued identifying documents by Bates number without delivering any physical copies. (Exhibit F.) This is a complete failure of Rule 34's production requirement across every request for production served in this case.

## IX. THE PRIVILEGE LOG PRODUCED IS FACIALLY INCOMPLETE

Plaintiff's June 15, 2026 conferral letter demanded a privilege log identifying any material withheld on a claim of privilege with sufficient detail to permit evaluation. (Exhibit E.) While Defendants produced a privilege log, that log is facially incomplete and does not satisfy the requirements of Federal Rule of Civil Procedure 26(b)(5).

A proper privilege log must identify each withheld document, the basis for withholding, the persons involved in each withheld communication, the dates of those communications, and the subject matter discussed with sufficient particularity to permit the requesting party and the Court to evaluate the privilege claim. Fed. R. Civ. P. 26(b)(5)(A). The privilege log produced by Defendants fails to identify the dates on which defense counsel met with each Individual Defendant, the persons present at or participating in those meetings, and what was discussed during those meetings as specifically requested in Plaintiff's interrogatories and conferral letter. Without this information, Plaintiff has no meaningful way to evaluate whether the privilege

claims asserted are valid or whether responsive, non-privileged documents are being improperly withheld under the guise of privilege.

The facial incompleteness of the privilege log is an independent basis for relief and warrants an order requiring Defendants to produce a complete and compliant privilege log within seven (7) days.

## X. EXHIBITS FILED HEREWITH

Exhibit A: Plaintiff's First Set of Interrogatories and Requests for Production Directed to Defendant CHA, served April 3, 2026 (responses due May 4, 2026 per ECF No. 181)

Exhibit B: Plaintiff's First Set of Interrogatories and Requests for Production Directed to Defendants Gore, Nix, Brown, and Hall, served April 3, 2026 (responses due May 4, 2026 per ECF No. 181)

Exhibit C: Plaintiff's May 22, 2026 Good Faith Conferral Letter setting May 29, 2026 production deadline, and USPS Certified Mail Tracking Confirmation showing delivery on May 27, 2026 at 8:09 a.m.

Exhibit D: Individual Defendants' Discovery Responses dated May 29, 2026 and received by Plaintiff on June 3, 2026, containing bare 'no documents responsive' answers with no description of any search conducted

Exhibit E: Plaintiff's June 15, 2026 Good Faith Conferral Letter setting June 25, 2026 cure deadline, and USPS Certified Mail Tracking Confirmation showing delivery on June 18, 2026 at 8:21 a.m.

Exhibit F: CHA's June 29, 2026 Responses to Plaintiff's First Set of Interrogatories and Requests for Production, listing Bates numbers without producing any physical documents and admitting production is incomplete as to RFP No. 4

## XI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Deny Defendants' request to dismiss the Motions as moot;

2. Find that all Defendants failed to substantially justify their noncompliance with the May 4, 2026 court-ordered deadline, the May 29, 2026 conferral deadline, and the June 25, 2026 second conferral deadline, none of which any Defendant sought leave of court to extend;

3. Award Plaintiff her reasonable expenses including costs pursuant to Fed. R. Civ. P. 37(a)(5)(A);

4. Order CHA to produce complete physical copies of all documents responsive to Plaintiff's First Set of Requests for Production by U.S. Mail within seven (7) days;

5. Order Defendants Gore, Nix, Brown, and Hall to supplement their responses, describe all searches conducted, identify all sources searched including work email, work phones, and personal devices used for work, produce all responsive documents by U.S. Mail, and serve a complete privilege log within seven (7) days;

6. Order CHA to complete production of all outstanding documents including Plaintiff's individual compensation records and all documents responsive to RFP No. 4 within seven (7) days;

7. Direct defense counsel to show cause why the materially false certifications of service on ECF Nos. 218 and 219 should not be referred for appropriate action; and

8. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Roselyn Wise
Plaintiff, Pro Se
104 Cottage Lake Way
Columbia, SC 29209

July 21, 2026

Columbia, South Carolina