**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

ROSELYN WISE §
Plaintiff, §
§
vs. § Civil Action No.: 3:24-4066-MGL-PLG
§
COLUMBIA HOUSING AUTHORITY, §
CYNTHIA GORE, LATOYA NIX, §
BOBBY BROWN, and BARRY HALL, §
Defendants, §

**ORDER ADOPTING THE REPORT AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, AND GRANTING IN PART AND DEEMING AS MOOT IN PART DEFENDANTS' MOTION TO DISMISS**

Plaintiff Roselyn Wise brought this job discrimination lawsuit against Columbia Housing Authority, her employer at the time she filed the action, as well as her coworkers (the Individual Defendants) Cythnia Gore, Latoya Nix, Bobby Brown, and Barry Hall (collectively, Defendants). Other than being represented by counsel to assist with discovery and scheduling related issues, Wise is representing herself.

This matter is before the Court for review of two Reports and Recommendations made by the United States Magistrate Judge. In the first Report (Report I), the Magistrate Judge recommends Wise's motion for a preliminary injunction be denied; and in the second one (Report II), she suggests the Court grant Defendants' motion to dismiss Wise's ADA claims against Individual Defendants, and deem as moot Defendants' motion to dismiss Wise's OSHA claim. The

Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

It is unnecessary for the Court to conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed both Reports on Apri1 21, 2026, to which Wise filed objections to each on May 6, 2026. Defendants thereafter filed a reply to just Wise's objections to Report I on May 20, 2026. The Court has carefully reviewed Wise's objections but holds them to be without merit. It will therefore enter judgment accordingly.

The Court first considers Report I, in which the Magistrate Judge recommends Wise's motion for a preliminary injunction be denied. The Magistrate Judge states, "[t]he parties' dispute over the facts in this case supports the denial of preliminary injunctive relief." Report I at 5. The Magistrate Judge went on to say,

> [Wise's] arguments are vehemently denied by . . . [D]efendants, who offer argument and evidence demonstrating their consistent communications with [Wise] about her concerns, their efforts to address [her] complaints regarding the cleanliness of the new office location, and their steps to address [her] concerns over the equipment for her workspace, including providing her with paperwork to complete so that she could be ergonomically evaluated for items such as a standing desk.

*Id.*

The Magistrate Judge also determined, "considering the *Winter* factors and the current record, the court finds . . . [Wise] has failed to make a clear showing that she is likely to succeed on the merits of her claims or that she will suffer irreparable harm absent injunctive relief." Report I at 5.

In Wise's first objection, she maintains "[t]he Recommendation gives dispositive weight to Defendants' disputed factual account rather than conducting the required Winter analysis in [her] favor." Objections at 3 (emphasis omitted). Her fourth objection is closely related to her first one. There, she contends "[t] he Recommendation improperly treats the factual disputes as a reason to deny relief rather than considering whether targeted interim relief could preserve the status quo." *Id*. at 7 (emphasis omitted).

The Fourth Circuit has held it improper to grant injunctive relief in a case such as this when there are multiple contested factual disputes. *See First-Citizens Bank & Trust Co. v. Camp*, 432 F.2d 481, 484 (4th Cir. 1970) (reversing the district courts granting injunctive relief on the basis of "numerous contested factual issues which require resolution before it could be determined whether an injunction should have been issued."). Consequently, given the "numerous contested factual issues which require resolution before it [can] be determined whether an injunction should . . . [be] issued[,]" *id.*, the Court will overrule these objections and deny Wise's motion for a preliminary injunction.

As such, it is unnecessary for the Court to specifically consider the *Winter* factors or Wise's remaining objections to the Report. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found.*

*Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

Turning now to Report II, as noted above, the Magistrate Judge concludes the Court should grant Defendants' motion to dismiss Wise's ADA claims against Individual Defendants and deem as moot Defendants' motion to dismiss Wise's OSHA claim.

In Wise's six pages of objections, she argues that just her ADA claims against Individual Defendants should be dismissed, none of her other claims. But those are the only claims the Magistrate Judge suggested should be dismissed. And they are the only claims that will be dismissed. The objections are thus unnecessary and, as such, will be overruled.

After a thorough review of the two Reports and the record in this case pursuant to the standard set forth above, the Court overrules Wise's objections, adopts both Reports, and incorporates them herein. It is therefore the judgment of the Court Wise's motion for a preliminary injunction is **DENIED**, Defendants' motion to dismiss Wise's ADA claims against Individual Defendants is **GRANTED**, and Defendants' motion to dismiss Wise's OSHA claim is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 20th day of August, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.